**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OLEGARIO TOMAS GARCIA-PEREZ, | No. 09-73661 |
| Petitioner, | Agency No. A098-430-638 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012[**]

Before:     LEAVY, PAEZ, and BEA, Circuit Judges.

Olegario Tomas Garcia-Perez, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's finding that Garcia-Perez failed to establish he suffered harm rising to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-17 (9th Cir. 2003) (record did not compel finding that Ukrainian Pentecostal Christian who was "teased, bothered, discriminated against and harassed" suffered from past persecution). Substantial evidence also supports the agency's finding that Perez-Garcia failed to established a well-founded fear of future persecution. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) ("An applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident, . . . or when the applicant has returned to the country without incident.") (internal quotation marks and citation omitted); *see also Lolong v. Gonzales*, 484 F.3d 1173, 1181 (9th Cir. 2007) (en banc) (ethnic Chinese Christian petitioner did not establish a pattern or practice of persecution in Indonesia). Accordingly, Garcia-Perez's asylum claim fails.

Because Garcia-Perez did not meet the lower burden of proof for asylum, his withholding of removal claim necessarily fails. *See Zehatye*, 453 F.3d at 1190.

Further, Garcia-Perez fails to raise any substantive challenge to the denial of his CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not addressed in the argument portion of a brief are deemed waived).

Finally, we reject Garcia-Perez's due process claim because he expressly waived the issue before the IJ and did not exhaust it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 647, 678 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**